UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID CHARLES DICKERSON,<br><br>    Defendant. | Case No. 2:25-cr-000185-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court are Defendant David Charles Dickerson's Motion to Dismiss (Dkt. 17) and Motion to Stay/Hold Proceedings in Abeyance (Dkt. 18). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motions on the briefing. *See* Fed. R. Civ. P. 78(b). For the reasons set forth below, both motions are denied.

## BACKGROUND

On June 17, 2025, a grand jury indicted Dickerson for Unlawful Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) (Dkt. 2). He pleaded not guilty and is on pretrial supervision. On July 28, 2025, he filed both a motion to dismiss, arguing § 922(g)(1) is unconstitutional under the Second Amendment, and a companion motion to stay/hold proceedings in abeyance (Dkt. 18). The United States objects to both motions (Dkts. 19, 20).

## LEGAL STANDARD

Rule 12(b) of the Federal Rules of Criminal Procedure allows a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."

Fed. R. Crim. P. 12(b)(1). A motion to dismiss is generally "capable of determination" before trial if it involves questions of law rather than fact. *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993). Although the court may make preliminary factual findings necessary to decide legal questions, it may not invade the jury's province. *Id.* An issue raised in a pretrial motion must be decided before trial if it is "entirely segregable" from the evidence to be presented at trial. *United States v. Shortt Acct. Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986).

A defendant may seek dismissal of an indictment on the grounds that the statute authorizing the charge is unconstitutional. Such a challenge may be either a facial or an as-applied attack. To succeed on a facial attack, the moving party must demonstrate "no application of the statute could be constitutional." *Sabri v. United States*, 541 U.S. 600, 609 (2004). A facial challenge is the "most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the [statute] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Conversely, an as-applied challenge is based on a developed factual record and the statute's application to the defendant. *Spence v. Washington*, 418 U.S. 405, 414 (1974).

## ANALYSIS

Dickerson moves to dismiss the indictment on the ground that § 922(g)(1), as applied to him, violates the Second Amendment. He argues that under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024), the Government must identify a "relevantly similar" historical analogue for permanently disarming non-violent felons who have completed their sentences (Dkt. 17 at 4-13.) He posits the Government has not done so and makes four principal points.

First, he argues the modern federal felon-in-possession statute is a 20th-century creation, with the first such law appearing in 1938 and the categorical ban not arriving until 1961 and 1968.

Second, he contends the founding-era punishments cited in *United States v. Duarte*, 137 F.4th 743 (9th Cir. 2025) (en banc)—death and forfeiture—are not firearm regulations and, thus, fail *Bruen*'s "why/how" test. Third, he asserts that at founding the definition of "felony" was narrower, so it is historically inaccurate to equate all modern felons with those once deemed dangerous. Finally, he contends *District of Columbia v. Heller*, 554 U.S. 570 (2008), left open the constitutionality of felon-in-possession prohibitions, and that *Heller*'s reference to "longstanding prohibitions" was dicta, not a holding (Dkt. 17 at 13-16).

Further, most relevant here, Dickerson argues that *Duarte* was decidedly incorrectly because it misapplied *Bruen* by accepting ahistorical analogues, overstated *Heller*'s dicta, and ignored individualized circumstances. Because the Ninth Circuit has acknowledged a circuit split regarding the constitutionality of § 922(g)(1) and because *Duarte*'s mandate is stayed pending a certiorari petition, Dickerson contends the Court should hold his motion to dismiss in abeyance (Dkts. 17, 18, 21).

In response, the Government notes that the Ninth Circuit has held that historical tradition supports categorically disarming felons without the need for individual assessments and that § 922(g)(1) "is constitutional in all its applications." *Duarte*, 137 F.4th at 761, 767. Further, it notes that *Duarte* is binding authority on this Court and forecloses Dickerson's challenge (Dkt. 20 at 2-3).

## A.    Motion to Stay/Hold Proceedings in Abeyance

The Court declines to stay this case. District courts have inherent discretion to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). That discretion, however, must be exercised with attention to the competing interests of the parties and the public. Here, two considerations weigh decisively against a stay.

First, *Duarte* remains binding precedent in the Ninth Circuit. Even though its mandate is stayed, once the en banc court issued its opinion, district courts became bound to follow it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000). This Court has no authority to await the Supreme Court's potential disposition before applying *Duarte*'s holding.

Second, the public's and the defendant's interest in a speedy trial outweighs any benefit of delay. 18 U.S.C. § 3161(h)(7)(A). As other courts have observed, extended delays risk stale evidence, faded memories, and diminished confidence in the administration of justice. Exercising its discretion, the Court refuses to stay this case in light of those interests and *Duarte*'s binding nature. Accordingly, the Court denies Dickerson's motion to hold these proceedings in abeyance.

## B.    Motion to Dismiss

*Duarte* forecloses Dickerson's constitutional challenge. The Ninth Circuit in *Duarte* held that the Nation's historical tradition supports a categorical disarmament of felons, violent or not, without the need for individualized inquiry. 137 F.4th at 758-61. Under *Duarte*, § 922(g)(1) is constitutional in all its applications. *Id*. at 761. While Dickerson offers an extensive critique of *Duarte*'s historical reasoning and urges a different application of *Bruen* and *Rahimi*, this Court is not free to disregard controlling Ninth Circuit precedent. *See In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017). *Duarte* binds all district courts in this Circuit "unless and until overruled by a body competent to do so." *Id*. Accordingly, the Court denies Dickerson's motion to dismiss.

**ORDER**

For the foregoing reasons:

1.  Defendant David Charles Dickerson's Motion to Stay/Hold Proceedings in Abeyance (Dkt. 18) is **DENIED**.

2.  Dickerson's Motion to Dismiss Indictment (Dkt. 17) is **DENIED**.

MEMORANDUM DECISION AND ORDER - 4

3.  The Court will issue a separate order setting this case for trial and establishing the deadlines
    to govern the case.

DATED: October 27, 2025

*Amanda K. Brailsford*
**Amanda K. Brailsford**
U.S. District Court Judge